IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL D. MARTIN,

    Plaintiff,

    v.

SCOTT SHELLENBERGER, et al.,

    Defendants.

Civil Action No.: SAG-23-3308

**MEMORANDUM OPINION**

On December 1, 2023, Plaintiff Michael D. Martin, a prisoner confined at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Martin filed a Motion to Proceed in Forma Pauperis (ECF No. 2) which is granted. For the reasons that follow, the Complaint must be dismissed.

Martin brings this case against Baltimore County State's Attorney Scott Shellenberger, Assistant Baltimore County State's Attorneys Garret P. Glennon, Brian Botts, Susan Cohen, and the Office of the States Attorney for Baltimore County. ECF No. 1 at 1. Because Martin is a prisoner suing "a governmental entity or officer or employee of a governmental entity," the Court must screen his Complaint before it may proceed, and the Court must dismiss any part of the Complaint that, as relevant here, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b)(1). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Martin claims that claims that his 2014 convictions for conspiracy to commit first degree murder, first degree murder, and use of a handgun in the commission of a crime of violence from the Baltimore County Circuit Court are deficient, and he seeks compensatory damages. ECF No. 1. Martin alleges that during the investigation of the death of Robert Holiday, detectives illegally tracked Martin's cell phone location. ECF No. 1 at 4. He claims that the illegal tracking ultimately led to the seizure of his cell phone and the search of a residence in Prince George's County where ammunition was recovered. *Id*. at 5. Martin explains that during his criminal trial, the State produced evidence of Martin's cell phone number and the location of his cell phone, which at the time of the murder, was in close proximity to the scene of the murder. *Id*. Prosecutors introduced Martin's cell phone records to establish the conspiracy between Martin and his co-defendant and also introduced the ammunition recovered at the residence in Prince George's County. *Id.* Martin claims that detectives did not have authority to arrest him, and therefore the information obtained from his cell phone and the search of the property were also improper and could not be used to convict him. *Id*. at 6. Martin believes he is illegally detained and sues the attorneys who prosecuted his case. *Id*. at 6-7.

To the extent that Plaintiff is suing Defendants for actions taken in their prosecution of him, they are immune from suit; therefore, the Complaint must be dismissed. The Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).

Absolute immunity is designed to protect judicial process, thus the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing Imbler, 424 U.S. at 423-23). The court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 117-18 (quoting Imbler, 424 U.S. at 430). The Fourth Circuit stated in *Nero*, 890 F.3d at 118: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley,* 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431."

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020). Because the Complaint names only parties who are immune from suit, the Complaint shall be dismissed.

Further, Martin's claims are also based on his criminal case that has not been overturned. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that claims advanced in a civil rights action for damages that "necessarily imply that the plaintiff's criminal conviction is wrongful" or invalid are barred. Certainly, if Martin's claims regarding the illegal use of his cell phone location data and the alleged invalidity of warrants issues in his criminal case were litigated in the context of this civil rights complaint, it would imply his conviction was wrongful. His complaint is therefore barred by the holding in *Heck* and he may not litigate such claims unless or until his conviction is overturned.

Accordingly, the Complaint is dismissed. A separate Order follows.

 December 21, 2023                              /s/
Date                                      Stephanie A. Gallagher
                                          United States District Judge